**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **OFFSHORE MARINE, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2339** |
| **FISH OFFSHORE, L.L.C.** | **SECTION: "G" (2)** |

## ORDER AND REASONS

Before the Court is Defendant Fish Offshore, L.L.C.'s ("Defendant") Motion for Relief from Judgment Pursuant to Rule 60(b),[1] wherein it requests that this Court vacate the Judgment of Default[2] entered in the above-captioned matter granting Plaintiff sums owed on allegedly unpaid invoices in the amount of $133,272.60.  Having considered the motion, the memorandum in support, the opposition, the reply, the record, and the applicable law, the Court will grant the motion.

## I.  Background

### A.  Factual Background

On July 6, 2007, Plaintiff Offshore Marine, L.L.C. ("Plaintiff") purchased the M/V HANNAH B from Defendant.  According to Defendant, the parties initially intended for Defendant to broker the vessel for Plaintiff; however, Plaintiff was unable to immediately insure the vessel.[3] Therefore, on July 9, 2007, Plaintiff and Defendant entered into a bareboat charter agreement, the terms of which the parties dispute.[4]  After the parties entered the bareboat charter agreement, Plaintiff was able to insure the vessel.  At that time, the agreement became a brokerage arrangement,

---

[1] Rec. Doc. 23.

[2] Rec. Doc. 14.

[3] Rec. Doc. 23-1 at p. 2.

[4] *See id.* at pp. 2-3; Rec. Doc. 13-1 at pp. 1-2.

1

where Defendant would "broker" the vessel for Plaintiff.  Under the brokerage arrangement, Defendant was responsible for obtaining customers for the vessel, and Plaintiff operated the vessel.[5] Defendant would collect customer payments on invoices, and, after deducting it's commission, Defendant would remit the customers' payments to Plaintiff.  According to Defendant, the parties terminated their brokerage arrangement on January 18, 2008,[6] but Plaintiff claims amounts owed on invoices through September 2011.[7]

### B.  Procedural Background

On September 19, 2011, Plaintiff filed suit in the Eastern District of Louisiana against Defendant, on the basis of diversity jurisdiction, to recover amounts allegedly owed on unpaid invoices between July 2007 and September 2011.[8] On September 18, 2011, proof of service on Greg Blanchard, owner of Defendant, was filed.[9]  No answer or other permitted response was filed.  On October 6, 2011, this matter was reassigned to this section, Section "G," as part of a docket created for a newly appointed judge.[10]  On January 31, 2012, the Clerk of Court entered on Order of Default against Defendant,[11] and, on February 28, 2012, this Court granted Plaintiff's Motion for Entry of

---

[5] *Id.*

[6] Rec. Doc. 23-1 at p. 3.

[7] Rec. Doc. 13 at p. 2.

[8] Rec. Doc. 1.

[9] Rec. Doc. 4.

[10] Rec. Doc. 5.

[11] Rec. Doc. 9.

Default Judgment[12] and entered a Judgment of Default against Defendant.[13]

On Plaintiff's motion, the magistrate judge ordered Defendant to appear in Court to be examined as a judgment-debtor on January 30, 2013.[14]  According to Blanchard, he only became aware of the instant suit when he attended the Judgment Debtor Examination.[15]  Thereafter, Defendant filed the instant Motion for Relief from Judgment Pursuant to Rule 60(b), claiming that Plaintiff was actually overpaid, the documents enumerated in Plaintiff's complaint are fraudulent, and that any claims Plaintiff may have asserted had prescribed pursuant to La. Civ. Code art. 3494 by January 18, 2011.[16]

## II.  Parties' Arguments

### A.  Defendant's Rule 60(b) Motion

In support of the motion, Defendant claims that the Court should apply Rule 60(b) "most liberally" and vacate the default judgment based on the following factors: (1) "there was no trial on the merits and Defendant was not able to assert its defenses[;]"  (2) the motion, filed on February 27, 2013, was within one year of February 28, 2013, the date the Judgment of Default was entered; and (3)  "the invoices in question were based on fraud, misrepresentation, or misconduct and are prescribed on their face."[17]  Defendant further notes that Blanchard "does not recall ever being served with the Summons and Complaint herein, nor did he receive any pleadings associated with

---

[12] Rec. Doc. 13.

[13] Rec. Doc. 14.

[14] Rec. Doc. 20.

[15] Rec. Doc. 23-1 at p. 5.

[16] *See generally* Rec. Doc. 23.

[17] Rec. Doc. 23-1 at p. 9.

3

the Entry of Default o[r] the Judgment of Default."[18]  Defendant claims that "[t]he first notice that

he had of this action was when he was notified of the Judgment Debtor examination."[19]

First, Defendant claims that it is entitled to relief under Rule 60(b)(3), because the default

judgment is based on fraud, misrepresentation or misconduct by Plaintiff relating to the invoices

enumerated in Plaintiff's Complaint and the affidavit of Plaintiff's owner, Jeff Dorsey.[20]  According

to Defendant, Plaintiff relies on invoices that: (1) were for jobs worked by vessels other than the

HANNAH B; (2) were for services or other items that were never rendered; (3) were never sent to

Defendant or submitted to the Court in support of the motion for a default judgment; and/or (4) were

dated after the termination of the business relationship.[21]  Further, Defendant explains that in the

process of reviewing records after the judgment-debtor examination, Defendant discovered that

Dorsey "would come into [Blanchard's] office when he was gone and tell [his] daughter that Mr.

Blanchard owed  [Dorsey] money and she would write him a check" for funds that Blanchard did

not owe or had already paid.[22]  Thus, Defendant argues that the Judgment of Default was obtained

through fraud, misrepresentation, or misconduct and should be vacated.

Second, Defendant claims that it would also be entitled to relief  pursuant to Rule 60(b)(5),

because "it is no longer equitable that the judgment should have prospective application."[23]  In

---

[18] *Id.* at p. 16.

[19] *Id.*

[20] *Id.* at p. 1.

[21] *Id.* at pp. 4-5.

[22] *Id.* at p. 6.

[23] *Id.* at pp. 12-13.

support of its position, Defendant relies on *Johnson Waste Materials v. Marshall*,[24] where the Fifth Circuit reversed the district court's denial of a Rule 60(b) motion because the movant presented "evidence that the wages had been paid . . . after judgment had been rendered."[25]  Here, Defendant argues that there is "evidence of invoices for work not performed or services not rendered [and] also evidence of a massive overpayment, well in excess of the amount allegedly at issue in this Civil Action."[26]

Third, Defendant contends that the judgment must be vacated under Rule 60(b)(6) to prevent a manifest injustice.[27]  Defendant asserts that the "extraordinary circumstances" necessary to justify relief under Rule 60(b)(6) exist here, because there is evidence of invoices for work not performed or services not rendered and evidence of overpayment in excess of the amount at issue in this case.[28] Moreover, Defendant argues that any claims for services set forth in invoices during the course of the bareboat charter or brokerage agreements would have already  prescribed when they were filed on September 19, 2011, because the three-year prescriptive period had run from January 18, 2008, the date of termination of any arrangement between the parties.[29]

## B.  Plaintiff's Opposition

In opposition to the motion, Plaintiff argues that the Judgement of Default was entered on February 28, 2012 and the instant motion was not filed until February 28, 2013.  Therefore, Plaintiff

---

[24] 611 F.2d 593 (5th Cir. 1980).

[25] Rec. Doc. 23-1 at p. 12 (citing *Johnson*, 611 F.2d at 599-600).

[26] *Id.* at p. 14.

[27] *Id.*

[28] *Id.*

[29] *See* La. Civ. Code art. 3494.

contends that the motion for relief is untimely for purposes of relief under Rule 60(b)(3).[30]

Plaintiff disputes Defendant's representation that Blanchard was unaware of the suit until January 30, 2013.  First, Plaintiff notes that Blanchard was served by Wilce J. Gilbert, a process server, on September 27, 2011.[31]  Second, Plaintiff submits a letter dated February 28, 2012 from Greg M. Blanchard to Plaintiff's counsel, referencing the above-captioned matter and stating: "I have already answered these pleading[s] and as previously stated Offshore Marine, L.L.C. was not under our employ at the time of the allegations."[32]  Plaintiff also submits a letter from Plaintiff's counsel in response to Defendant's February 28, 2012 correspondence, which advised Defendant that no pleading was filed by Defendant in this matter and a default judgment was obtained.[33]  Plaintiff does not address Defendant's allegations of fraud and misrepresentation in obtaining the default judgment.

### C.  Defendant's Reply

In reply, Defendant reiterates that Blanchard "does not remember being served," but Defendant explains that Plaintiff's opposition prompted Blanchard's recollection that the February 28, 2012 letter was sent at his bookkeeper's direction "in response to something that he received from the Court that said he needed to respond within 30 days."[34]  Defendant elaborates that Blanchard's bookkeeper, Willis Toups, wrote the March 28, 2012 letter and told Blanchard to sign it and that it would take care of the document he had received from the Court.[35]  Further, Defendant

---

[30] Rec. Doc. 25 at p. 1.

[31] *Id.*

[32] Rec. Doc. 25-2.

[33] Rec. Doc. 25-3.

[34] Rec. Doc. 30 at p. 2.

[35] *Id.*

6

contends that Plaintiff has not addressed the substantive facts set forth in the motion to vacate the

default judgment or the Affidavit of Greg Blanchard, because they are in fact true.[36]

### III.  Law and Analysis

#### A.  Federal Rule of Civil Procedure 60(b)

A party's right to relief from a judgment is set forth in Federal Rule of Civil Procedure 60

which provides, in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding
> for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> (4) the judgment is void;
>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> (6) any other reason that justifies relief.
> (c) Timing and Effect of the Motion.
>> (1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

In *Seven Elves v. Eskenazi*,[37] the Fifth Circuit addressed the purpose of Rule 60(b) and the

criteria for relief from judgment:

> The purpose of Rule 60(b) is to delineate the circumstances under which relief may be obtained from the operation of final judgments . . . .  By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the "incessant command of the court's conscience that justice be done in light of all the facts."

---

[36] *Id.* at p. 3.

[37] 635 F.2d 396 (5th Cir. Unit A Jan. 1981).

In this light, it is often said that the rule should be liberally construed in order to do substantial justice. What is meant by this general statement is that, although the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause. This is not to say that final judgments should be lightly reopened. The desirability of order and predictability in the judicial process calls for the exercise of caution in such matters. But there can be little doubt that Rule 60(b) vests in the district courts power "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."[38]

Regarding the applicable standard of review, the Fifth Circuit stated:

Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion. It is not enough that the granting of relief might have been permissible, or even warranted[,] denial must have been so unwarranted as to constitute an abuse of discretion. Nevertheless, the discretion of the district court is not unbounded, and must be exercised in light of the balance that is struck by Rule 60(b) between the desideratum of finality and the demands of justice. That same consideration must inform appellate review of a district court's exercise of discretion under Rule 60(b); and where denial of relief precludes examination of the full merits of the cause, even a slight abuse may justify reversal.

In sum, then, Rule 60(b) is "a grand reservoir of equitable power to do justice in a particular case," that may be tapped by the district court in the sound exercise of its discretion, and within the strictures inherent in the underlying objectives of the rule.[39]

The Fifth Circuit went on to list the factors that district courts should use in considering a Rule 60(b)

motion:

(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his

---

[38] *Id.* at 401 (internal citations omitted).

[39] *Id.* at 402 (internal citations omitted).

claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.  These factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments.[40]

Finally, the Fifth Circuit stated that "[t]his court has noted that the rule is applied most liberally to judgments in default[,]" because this type of "[t]runcated proceedings . . . are not favored, and Rule 60(b) will be liberally construed in favor of trial on the full merits of the case.  Thus, unless it appears that no injustice was done by the judgment, the equities in such cases will militate strongly in favor of relief."[41]

### B. Analysis

Motions under Rule 60(b)(3), which permits a court to "relieve a party . . . from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or by and opposing party," "must be made within a reasonable time, not more than one year, after the challenged judgment was entered."[42]  The Judgment of Default in this matter was entered on February 28, 2012 and this instant motion was filed on February 27, 2013, less than one year after the Judgment of Default was entered.  Therefore this motion was timely, for purposes of requesting relief under Rule 60(b)(3).   Moreover, Defendant's motion was made within one month of attending the judgment-debtor examination on January 30, 2013, where Blanchard claims to have  learned of the allegations involved in this lawsuit for the first time.[43]

---

[40] *Id.* at 402-403.

[41] *Id.* at 403.

[42] *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1337 (5th Cir. 1978).

[43] The Court is cognizant that Plaintiff has submitted a letter from Blanchard dated February 28, 2012,which ostensibly indicates Blanchard was aware of the instant matter on February 28, 2012.  However, Blanchard explains that he was not aware he had been served or was required to answer this lawsuit, and the letter was prepared by his bookkeeper. Regardless, these events are only relevant to one factor the Court considers in granting relief from a

In *Rozier v. Ford Motor Co.*, the Fifth Circuit articulated the burden incumbent upon the movant under Rule 60(b)(3):

> One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence.  The conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense.  Although Rule 60(b)(3) applies to misconduct in withholding information called for by discovery, it does not require that the information withheld be of such nature as to alter the result in the case.  This subsection of the Rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.[44]

It does not escape the Court's attention that Plaintiff has not responded to the allegations of fraud and misrepresentation asserted by Defendant, but rather, Plaintiff emphasizes that Defendant was in fact served and produces the proof of service and correspondence between Blanchard and Plaintiff's counsel to establish this point.  However, Rule 60(b)(3) requires the Court to determine if the default judgment was obtained through fraud, misrepresentation or other misconduct, and Plaintiff presents no evidence or argument to dispute Defendant's assertions.  Indeed, Plaintiff has still not produced for the Court's review a number of the invoices enumerated in the complaint and on which the default judgment is based, nor provided any argument to contradict the evidence provided by Defendant indicating that the invoices were fraudulent.

Defendant has presented the invoices, supporting documentation, and proof of payment on all jobs worked by the HANNAH B during the course of the parties' business arrangement.  Defendant also provides the affidavit of Greg Blanchard, which explains that three of the invoices for which Plaintiff  sought payment were for fuel, which Defendant was not in the business of buying or selling, or jobs worked by other vessels or companies.  Blanchard's affidavit further attests

---

final judgment, namely timeliness of the motion.

[44] *Rozier*, 573 F.2d at 1339.

that he has never seen the remaining invoices that Plaintiff claims are unpaid, and Plaintiff has not produced the invoices in response to this motion.  Finally, Defendant presents copies of checks made out to Plaintiff, which Defendant contends were fraudulently obtained from his daughter while Defendant was out of the office.  In particular, Defendant provides copies of checks that indicate payment was made on the same invoice twice.  Therefore, the Court finds that Defendant has presented clear and convincing evidence, especially when uncontradicted by Plaintiff, that Plaintiff misrepresented the nature of the invoices and sums owed by Defendant in obtaining the default judgment entered by this Court.

The Court considers a number of factors raised by the Fifth Circuit in *Seven Elves* particularly applicable here in deciding whether to grant Defendant's motion to vacate the default judgment.  Although the court emphasized that "final judgments should not lightly be disturbed," the Fifth Circuit also instructed district court's to apply Rule 60(b) "most liberally to judgments in default."[45]  Because the judgment was a default, there was no consideration of the merits, and Defendant has presented sufficient evidence and argument to suggest that Defendant has an adequate defense on the merits.  Further, the motion is clearly not being used as a substitute for appeal, as the judgment was obtained by virtue of Defendant's default.  The Court also finds that the motion was made within a reasonable time, as discussed above.  Finally, the Court is particularly concerned about the allegations of fraud and misrepresentation to this Court in obtaining the default judgment.

Having determined that Defendant is entitled to relief under Rule 60(b)(3), the Court need not consider the applicability of Rule 60(b)(5) and (6).  Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Relief from Judgment Pursuant to Rule

---

[45] *Seven Elves*, 635 F.2d at 402-403.

60(b)[46] is **GRANTED** and the default judgment entered on February 28, 2012 is **VACATED**;

**IT IS FURTHER ORDERED** that a Scheduling Conference will be set and a new Scheduling Order issued.

**NEW ORLEANS, LOUISIANA**, this _18th_ day of July, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[46] Rec. Doc. 23.

12